IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FRANK SOLOMON FEDD, | : |
| Petitioner, | : |
| VS. | :  **1 : 13-CV-83 (WLS)** |
| WARDEN CEDRIC TAYLOR, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this federal habeas action is Respondent's Motion to Dismiss the Petition as unexhausted. (Doc. 10). Petitioner challenges his 2007 Seminole County convictions and sentences for aggravated assault on a police officer and obstruction of an officer. Petitioner was sentenced to twenty (20) years. (Docs. 1, 11-1, pp. 7-8). Petitioner appealed, and his case was remanded for resentencing on the lesser included offense of aggravated assault. *Fedd v. State*, 298 Ga. App. 508 (2009). Petitioner was resentenced to a "split" sentence of eighteen (18) years, nine (9) to serve and the balance probated. (Doc. 11-1, pp. 15-16).

Following his resentencing, Petitioner filed a direct appeal to the Georgia Court of Appeals. (Doc. 11-6). The appeal was dismissed on July 14, 2010. (Doc. 11-6). Plaintiff filed a state habeas corpus petition on April 19, 2012, which was dismissed for failure to state a claim. (Docs. 11-2, 11-3). Petitioner's application for a certificate of probable cause to appeal was dismissed on April 29, 2013. Petitioner also filed a motion for reconsideration, which was denied on June 3, 2013. (Docs. 11-4, 11-5). On May 6, 2013, Petitioner signed this federal habeas Petition. (Doc. 1).

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a court shall not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845. "Before a state prisoner may file a federal habeas petition, he must exhaust his state remedies by petitioning the highest court in the state in which he is being held when such review is part of the ordinary appellate review procedure." *Jackson v. Walker*, 206 Fed.Appx. 967, 968 (11th Cir. 2006). In order to satisfy the exhaustion requirement, "[i]t is settled that a habeas petitioner need not have sought state habeas relief so long as he has exhausted his direct appeal remedies." *Martin v. Sec'y., Dep't. of Corrections*, 262 Fed. Appx. 990, 992 (11th Cir. 2008).

Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fla., Jan. 3, 2001); *Toulson v. Beyer*, 987 F.2d

2

984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997).  In Petitioner's Response to the Respondent's Motion to Dismiss, Petitioner provides argument regarding the procedural default of his claims, and states that if the Court determines he has not exhausted grounds in his Petition, he would like to proceed with only the exhausted claims.  (Doc. 14).

Petitioner raises two (2) grounds for relief in his Petition.  (Doc. 1-1).  Petitioner alleges that (1) he was returned to prison after being placed on parole without a parole violation or any kind of hearing, and (2) the Georgia Board of Pardons and Parole is holding Petitioner in custody on his original sentence, rather than the lower sentence imposed after he was resentenced in 2010.  (Doc. 1-1).  These two grounds were raised in his state habeas petition.  (*See* Doc. 11-2).  The state habeas court found that Petitioner's state petition failed to state claims cognizable in habeas corpus.  (Doc. 11-3).

Respondent maintains that Petitioner has an available state remedy, a writ of mandamus, in which to raise Ground 2, and thus Ground 2 has not been exhausted.  (Doc. 10-1).  The standard, however, is not that Petitioner exhaust every possible state court remedy.  Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  *O'Sullivan*, 526 U.S. at 845.  Petitioner raised his Federal habeas grounds in his state habeas petition.  (Docs. 11-2, 11-3).  After the state habeas petition was dismissed, Petitioner filed an application for a certificate of probable cause to appeal, which was also dismissed.  (Doc. 11-4). Petitioner has also provided an order from the Superior Court of Mitchell County effectively dismissing Petitioner's state petition for writ of mandamus on July 16, 2013.  (Doc. 14-3).  Petitioner gave the state courts one full opportunity to resolve his claims, and Respondent's argument that Petitioner be required to file a state writ of mandamus before Petitioner will have exhausted Ground 2 is without merit.  *See Escobedo v. Estelle*, 650 F.2d 70, 72 (5th Cir. 1981) ("A prisoner who has properly raised his federal claim

3

in a collateral state proceeding has exhausted his state remedies and is not required to resort to some other state procedure by which the same issue can be raised or to make successive applications for the same relief in state court."); *Wilson v. Hickman*, 85 F.Supp.2d 1378 (N.D. Ga. 2000) (finding the petitioner exhausted the state remedies by filing a state habeas petition alleging grounds regarding the Georgia Board of Pardons and Parole, and finding that requiring the petitioner to file a writ of mandamus placed an unnecessary burden on the petitioner); *Stewart v. Georgia Bd. of Pardons and Parole*, 2008 WL 4816677, * 2 (N.D. Ga., Oct. 31, 2008) (stating that the petitioner could exhaust his state remedies regarding a claim against the Georgia Board of Pardons and Parole through either a writ of mandamus action against the Board or through a state petition for a writ of habeas corpus).

As Petitioner exhausted state court remedies regarding both grounds alleged in his federal Petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 20th day of December, 2013.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

llf