IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FRANK SOLOMON FEDD, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-cv-83 (WLS) |
| Warden CEDRIC TAYLOR, | : |
| Defendant. | : |

### ORDER

The instant petition for a writ of habeas corpus is before the Court on a December 20, 2013 Recommendation from United States Magistrate Judge Thomas Q. Langstaff. In the Recommendation, the magistrate judge recommends that the Court deny Respondent's Motion to Dismiss Petition for Lack of Exhaustion. Respondent objects. The Court does not adopt the Recommendation and grants in part and denies in part the motion to dismiss.

The magistrate judge summarized the relevant facts and procedural background, which the Court adopts here. For the purposes of this Order, it is sufficient to simply state the issue: Whether Fedd exhausted his state remedies for his claim regarding state parole board's computation of his sentence by filing a petition for a writ of habeas corpus and a writ of mandamus (without the proper forms) in the Superior Court of Mitchell County.

A state prisoner must exhaust state remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). He "must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Further, the prisoner must "fairly present" his issue to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim is not fairly presented when the prisoner presents it "for the

1

first and only time in a procedural context in which its merits will not be considered" absent special circumstances. *Id.* at 351.

Neither of Fedd's motions fairly presented his second ground for relief. A prisoner cannot challenge the computation of his sentence or the denial of parole through a petition for a writ of habeas corpus. *E.g.*, *Lewis v. Griffin*, 258 Ga. 887, 887 (1989). Rather, the proper avenue to challenge a parole board's determination is through a petition for a writ of mandamus against the board. *Johnson v. Griffin*, 271 Ga. 663, 663 (1999) (reversing trial court for granting writ of habeas corpus regarding parole eligibility because such a claim is not actionable under habeas and "the proper remedy lies in mandamus action against the Board [of Pardons and Parole]"). Alternatively, to challenge the state's computation of a sentence, the proper course of action is a writ of mandamus against the Commissioner of the Department of Corrections. *Harper v. State Bd. of Pardons and Parole*, 260 Ga. 132, 132 (1990). Thus, although an action for the *revocation* of parole may lie in habeas corpus, a prisoner must pursue a claim for the *denial* of parole though a writ of mandamus. *Justice v. State Bd. of Pardons and Parole*, 234 Ga. 749, 751 (1975).

Fedd's petition for a writ of mandamus in the Superior Court of Mitchell County also failed to exhaust his state remedies. Fedd filed his motion in the wrong venue and without the proper forms required by O.C.G.A. § 9-10-14. (*See* Doc. 14-3.) Even if Fedd filed his petition in the correct court, Georgia courts are prohibited from considering claims filed without the requisite forms. *Donald v. Price*, 283 Ga. 311, 312 (2008) (reversing lower court's grant of mandamus relief because inmate failed to comply with § 9-10-14, which is "mandatory" and "does not provide for any exceptions"). In fact, this Court has previously found claims unexhausted for failure to comply with § 9-10-14. *Jackson v. Reese*, No. 5:07-cv-286 (HL), 2007 WL 2187309, at *1 (M.D. Ga. Jul. 27, 2007).

Therefore, the Court concludes that Fedd's second ground for relief is unexhausted. The Court therefore declines to adopt the Recommendation. Fedd's petition is a "mixed petition," and "[a] district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of

amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Accordingly, within **fourteen (14) days** from receipt of this Order, Fedd shall either (a) inform the Court of his desire to return to state court to exhaust the second ground for relief or (b) amend his petition consistent with this order to present only exhausted claims. Failure to comply with this Order may result in the dismissal of Fedd's petition without further notice or proceeding. Respondent's Motion to Dismiss is **GRANTED** to the extent it seeks dismissal of the second ground for relief and **DENIED** to the extent it seeks dismissal of the entire petition.

**SO ORDERED**, this   31st   day of March, 2014.

                                                     /s/ W. Louis Sands
                                                **W. LOUIS SANDS, JUDGE**
                                                **UNITED STATES DISTRICT COURT**